```
                    IN THE
         UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF TEXAS
                HOUSTON DIVISION
```

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 20 2009
Michael N. Milby, Clerk of Court

| | § | |
|---|---|---|
| ALLAN FERNANDO ALVAREZ, (TDCJ-CID # 1412937), Plaintiff Pro Se, | § § § § § | |
| vs. | § § | CIVIL ACTION NO. H-08-1712 |
| CITY OF HOUSTON, Defendant. | § § § § § | **PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS UNDER RULE: 12(b)(6)** |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF CAUSE:

Pursuant to the Defendant's Rule 12b(6) Motion to Dismiss, Plaintiff ALLAN FERNANDO ALVAREZ, respectfully files this his Answer as ordered by this Court.

Concurrently filed herewith is Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff submits as follows:

**A. Defendant's Motion To Dismiss Under Rule 12b(6):**

1. This Court granted Plaintiff's extension of time to to file his Answer to Defendant's Motion to Dismiss until January 22, 2009.

2. The Defendant has presented three issues requesting Plaintiff's complaint be dismissed. Plaintiff contends the Defendant's motion to dismiss is without merit and should not be granted by the Court. The issues presented and argued in Defendant's motion to dismiss are submitted and contested in seriatim below.

**B. The Defendant's Issue Regarding The Houston Police Department Not Being A Legal Entity Has Been Resolved By This Court:**

Plaintiff initially brought his lawsuit against the [Houston Police Department]. However, on December 18, 2008, pursuant to Plaintiff's Motion to Amend the Complaint, this Court granted leave to Plaintiff, changing and naming the "City of Houston" as the defendant instead of the Houston Police Department. (See Docket Entry No. 8). Thus, this issue should be disregarded by this Court wherein the City of Houston is the proper entity subject to Plaintiff's lawsuit. See Thomas v. Roach, 165 F.3d 137 (2nd Cir. 1999); see also Darby v. Pasedena Police Department, 939 F.2d 311, 314 (5th Cir. 1991).

**C. Answer To Defendant's Allegation Of Failing To State A Cause Of Action.**

  I. Standard of Review
  II. Plaintiff Did State A Claim

Plaintiff asserts that it appears the Defendant's issue regarding the failure to state a cause of action is the same as Rule 12b(6)--"failure to state a [claim]." Regardless of the way the Defendant's representation of the issue is presented, Plaintiff did indeed state a valid claim, although inartfully argued in his presentation. Plaintiff's statement of claim is grounded under his Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The defendants' [excessive use of force] --and it should be specifically noted [attempted deadly force]-- was not justifiable. In fact, Plaintiff was unarmed, hidden in a City area in a trash dumpster, and the Police never admonished the Plaintiff to surrender or come out of the dumpster. A policeman

for the City of Houston opened the dumpster lid and fired point-blank range into Plaintiff's face and left him for dead. Plaintiff can, and will, prove the facts in support of his claims to which he is entitled to relief.

**D. The Defendants' Motion To Dismiss Is Founded On Assumptive Allegations And Should Not Be Granted.**

Forthright, this Honorable Court must accept Plaintiff's allegations as true. See Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964). Likewise, this Court should not dismiss Plaintiff's complaint unless it appears [beyond doubt] that he cannot prove the facts in support of his claims which he is entitled to relief. Haines v. Kerner, 424 U.S. 519, 92 S.Ct. 594 (1972); Healthcare Corp., 125 F.3d 899 (5th Cir. 1997).

The Defendant asserts it is "well-settled" law that municipal entities are not vicariously liable for the actions of their employees under § 1983, citing Monell v. New York City Dept. of Social Services, 463 U.S. 685, 694 (1978). However, Monell does not deal with a fact issue where a trained police officer who, deliberately ignores official policy of excessive force where the actions therefrom results in an unarmed citizen being shot twice in the face and left for dead. See Thomas v. Roach, 165 F.3d 137 (2nd Cir. 1998)(A municipality is subject to liabilities for damages under § 1983 for the unconstitutional acts of its employees).

As noted and concurrently filed herewith, Plaintiff has requested permission to amend his complaint. In the request,

(3)

Plaintiff has requested and is seeking suit against the defendants both, in their individual and official capacities. Thus, state officials are held subject to personal liabilities for damages under § 1983 based on [official acts], where the § 1983 action is also brought against official in their individual capacities. See Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358 (1981); Berg v. County of Allegheny, 219 F.3d 261 (3rd Cir. 2000); Lytle v. Doyle, 326 F.3d 702 (6th Cir. 2003); Johnson v. Karner, 398 F.3d 868 (6th Cir. 2005)(Suit against sheriff in his official capacity is permissible under § 1983, and is equivalent to a suit against the county on whose behalf he acts); Christie v. IOPA, 176 F.3d 1231 (9th Cir. 1999) (County is a "person" which could be sued under § 1983).

Finally, Plaintiff's complaint is not "wholly devoid" of any allegation of customs or policies adopted by the Houston Police Department. The excessive use of force (deadly force) is certainly an intentional act or is deliberately indifferent to the constitution where an unarmed citizen is shot without justification. One cannot assume that Houston Police Officers are immune from civil liability and prosecution where such customs and policies are deliberately violated. In fact, the excessive use of force requires [some] reasonable justification. The mere negligent actions of a police officer deliberately discharging his service firearm into a dumpster for unjustifiable reasons, whether a suspect may or may not have been in the dumpster, is a violation of custom and policy regarding the use of a service firearm. In this case, a citizen was shot in the face by the

(4)

violation of custom and policy, and then left for dead, and the officer[s] subsequently attempted to cover the issue by planting a weapon on Plaintiff. These facts will be proven.

**E. The Facts Of This Case Demand Further Review By This Court.**

Plaintiff asserts there is a very possible likelihood that a Grand Jury investigation will follow this civil suit. The facts are that the Defendants have committed Obstruction of Justice by suppressing the truth of this issue of liability. A City Police Officer deliberately shot Plaintiff twice in the face. The police Officer left Plaintiff for dead. Following the shooting, the Defendants conspired to coverup the shooting by making false claims and planting a weapon. Plaintiff was arrested for, and eventually convicted of felony robbery. Two facts support this assertion.

First, it is more than reasonable to assume that if the Plaintiff had indeed shot a gun at three armed Houston police officers, he would have been fatally shot. Secondly, one must ask the question: "Why wasn't Plaintiff charged with at least three counts of [attempted capital murder of a peace officer]"?

Likewise, the alleged victim of the robbery never told the police that Plaintiff was armed with a gun, nor was a gun ever produced during Plaintiff's criminal trial or parole revocation.

This Court must take a serious eye at the facts of this case and the entire circumstances of how this Plaintiff was shot. Likewise, this Court should take serious consideration at the Obstruction of Justice and conspiracy to coverup this shooting by the Defendants.

(5)

**F. Material Factual Issues Clearly Demand A Jury Trial.**

The dismissal of this complaint would be unjust. There are, indeed, material factual issues that clearly support a trial. Likewise, assuming Plaintiff failed to state a claim in his original complaint does not warrant dismissal at this stage of the civil action. Federal district courts are loath to dismiss pro se complaints for failing to state a claim. see e.g., Bazrowx v. Scott, 136 F.3d 1053 (5th Cir. 1998) ("Generally, district court errs in dismissing pro se complaint for failure to state a claim without giving plaintiff an opportunity to amend"); see also Leleux v. United States, 178 F.3d 750 (5th Cir. 1997) (Motion to dismiss disfavored); Lowery v. Texas A & M University System, 117 F.3d 242 (5th Cir. 1997)("Motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted"); Shipp v. McMahon, 234 F.3d 907 (5th Cir. 2000) ("Motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted").

Plaintiff's Proposed Amended Complaint clearly states a claim for relief and dismissal here should not be granted.

## CONCLUSION AND PRAYER

The City of Houston, in accordance with Plaintiff's Motion for Leave to amend, fully demonstrates that dismissal should not be granted by the Court. Material factual issues exist that Plaintiff has requested be tried by a jury. Plaintiff's statement of claim is fairly presented in his proposed amended complaint and the facts of this lawsuit can clearly be proven.

WHEREFORE, Plaintiff respectfully prays this Court deny the Defendant's Motion to Dismiss under Rule 12b(6).

Respectfully submitted,

*Allan Fernando Alvarez*
Allan Fernando Alvarez
Plaintiff Pro Se
TDCJ-CID # 1412937
P.O. Box 9200 Telford
New Boston, TX 75570

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the following documents have been mailed to the Defendants, First Class postage prepaid to:

Mr. L.A. Teehan,
Senior Assit. Atty.
P.O. Box 368
Houston, Texas 77001-0368

1. Plaintiff's Answer to Defendants' Motion to Dismiss;

2. Plaintiff's Motion for Leave Requesting Permission to Amend ,

3. Plaintiff's Proposed Amended Complaint

Dated and signed on January 14, 2009, and mailed thereto.

Allan Fernando Alvarez

January 14, 2009

Michael N. Milby, Clerk
U.S. District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

    RE: Allan Fernando Alvarez vs. City of Houston
    CIVIL NO. H-08-1712

Dear Mr. Milby:

Enclosed for immediate filing please find:

    1. Plaintiff's Answer to Defendant's Motion to Dismiss;

    2. Plaintiff's Motion for Leave Requesting Permission to File Amended Complaint and attached Proposed Complaint.

I have mailed a true and correct copy of the above documents to the Defendant.

I would also request you please forward me an updated Docket Sheet reflecting the case to date.

Thank you for your kind assistance in this matter.

Sincerely,

*Allan Fernando Alvarez*
Allan F. Alvarez
TDCJ-CID # 1412937
P.O. Box 9200 Telford
New Boston, TX 75570

    cc: L.A. Teehan, Counsel for Defendants

Allan Fernando Alvarez
TDCJ-CID # 1412937
P.O. Box 9200 Telford
New Boston, TX 75570

LEGAL MAIL

United States District Court
Southern District of Texas
RECEIVED
JAN 20 2009
Michael N. Milby, Clerk

Michael N. Milby, Clerk
U.S. District Court
Southern District of Texas
P.O. Box 61010
Houston, TX 77208

